CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
(E-Mail: Cuauhtemoc_Ortega@fd.org)
ADAM OLIN (Bar No. 298380)
(E-Mail: Adam_Olin@fd.org)
BRENDAN GILLIGAN (Bar. No. 365069)
(E-Mail: Brendan_Gilligan@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012
Telephone: (213) 894-1462
Facsimile: (213) 894-0081

Attorneys for Defendant
YAONING SUN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>YAONING SUN,<br><br>   Defendant. | Case No. 2:24-CR-777-RGK<br><br>**DEFENDANT YAONING SUN'S SENTENCING MEMORANDUM** |

Defendant Yaoning Sun, through counsel, hereby submits this sentencing memorandum for the Court's consideration prior to sentencing.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: January 27, 2026     By  /s/ Adam Olin
                                ADAM OLIN
                                BRENDAN GILLIGAN
                                Deputy Federal Public Defenders
                                Attorneys for Yaoning Sun

## I. INTRODUCTION

Yaoning Sun moved to the United States from China in 1996, where he became a part of the Chinese community in the San Gabriel Valley. For decades he lived a law-abiding life, raising his children and working in various cultural arenas. Now, at the age of 65, Mr. Sun has pleaded guilty to agreeing to act as an agent of the PRC without registering with the Attorney General. Mr. Sun has been in custody for more than 13 months. A sentence of time served is appropriate for the following reasons:

*First*, the offense reflects minimal culpability because § 951 does not require knowledge of either the reporting requirement or the illegality of one's actions. Mr. Sun's conduct was not independently illegal and could have been performed consistent with the law had he only registered with the Attorney General—an obligation he did not know existed.

*Second*, sentencing Mr. Sun to more than 15 months (when factoring in good-time credit) would lead to sentencing disparities when compared to his co-conspirator on the registration offense, John Chen, who separately engaged in a scheme to bribe federal officials. The court there sentenced Mr. Chen to 20 months and the co-defendant to 15 months, after both defendants pleaded guilty to bribery and § 951 violations.

*And third*, a sentence of 15 months is more than sufficient under § 3553 for a 65 year old first-time offender who pleaded guilty to functionally a strict-liability offense. Mr. Sun suffers from meaningful health conditions and poses vanishingly small risk of recidivating.

For these reasons, Mr. Sun respectfully requests that the Court sentence him to a term of time served, corresponding to a sentence of approximately 15 months.

1

## II. THE PRESENTENCE REPORT

The Probation Office erred in applying § 2M3.1—covering the gathering and transmission of "national defense information to aid a foreign government"—to a conviction under § 951, which penalizes the failure to register as a foreign agent.[1]

There is no guideline expressly promulgated for § 951. The Court thus applies "the most analogous offense guideline," but in the absence of a "sufficiently analogous guideline, the provisions of 18 U.S.C. § 3553 shall control." § 2X5.1. The parties agree that there is no such analogous guideline, and believe the Court should apply § 3553. ECF No. 26 (Plea Agreement) at 8.

The Court should adopt that recommendation. In determining the most appropriate guideline, courts must look not to "the defendant's underlying relevant conduct, but the crime of conviction." *United States v. McEnry*, 659 F.3d 893, 897 (9th Cir. 2011). This inquiry calls for an "elements-based approach … which calls for a comparison between the elements of the offense of conviction with the purportedly analogous offense guideline and the elements of the various federal offenses covered by this guideline." *United States v. Jackson*, 862 F.3d 365, 371 (3d Cir. 2017) (cleaned up); *United States v. Betts*, 99 F.4th 1048, 1051 (7th Cir. 2024) (same); *United States v. Clark*, 981 F.3d 1154, 1166 (10th Cir. 2020) (same). Section 951 penalizes only the failure to register with the Attorney General as a foreign agent, without reference to secret or controlled information. In contrast, the offenses that are expressly covered by § 2M3.1 require the transfer of either national defense information or restricted atomic energy information. *See* 18 U.S.C. § 794 (entitled "Gathering or delivering defense information to aid foreign government"); 42 U.S.C. § 2274 (entitled "Communication of Restricted Data"); 42 U.S.C. § 2275 (entitled "Receipt of Restricted Data"). Hence, the offenses are too distinct to be sufficiently analogous.

---

[1] The PSR additionally erred in listing Mr. Sun's date of arrest as April 9, 2024. He was instead arrested on December 19, 2024. ECF No. 6.

Accordingly, the Court should adopt the parties' recommendation that there is no sufficiently analogous guideline and evaluate sentencing purely under § 3553.[2]

## III. THE APPROPRIATE SENTENCE

### A. Section 951—Which Requires No Knowledge of the Reporting Obligation—Reflects Low Culpability Under § 3553

Section 951 functions as a strict liability reporting requirement that accordingly reflects minimal culpability for purposes of § 3553. Indeed, courts have uniformly rejected the argument that a defendant must have knowledge of the obligation to register with the Attorney General to sustain a conviction under § 951. *See, e.g.*, *United States v. Duran*, 596 F.3d 1283, 1292 (11th Cir. 2010) ("This Court has already determined that § 951 is a general intent crime, and Duran did not need to know of the notification requirement before acting."); *United States v. Dumeisi*, 424 F.3d 566, (7th Cir. 2005) ("Knowledge of the requirement to register is not an element of § 951."). As a result, "[t]he broad sweep of § 951 creates a plethora of possibilities under which those engaged in purportedly legal conduct on behalf of a foreign government could be convicted if an agent of a foreign government fails to notify the Attorney General of such conduct." *Duran*, 596 F.3d at 1295.

Section 951 thus stands in inexplicable contrast to the Foreign Agent Registration Act, codified at 18 U.S.C. § 601 *et seq.*, which requires a "willful" failure to register, *i.e.*, that the defendant knew that his conduct was unlawful. *See United States v. Manafort*, 318 F. Supp. 3d 1, 4 (D.D.C. 2018). Hence, Mr. Sun was not required to know that his conduct was in some way illegal to violate § 951. And as the plea agreement sets forth, Mr. Sun's conduct was not independently (or self-evidently) illegal. Instead, Mr. Sun acted "to promote the interests of the PRC by, among other things, promoting pro-PRC propaganda in the United States." ECF No. 26 (Plea Agreement) at 6. The factual basis

---

[2] Mr. Sun moreover notes that the Southern District of New York did not apply a sentencing guideline chapter for co-conspirator Chen's § 951 conviction. *United States v. Chen*, 7:23-CR-286-NSR, ECF No. 53 (Gov't Sent. Memo. at 8) (S.D.N.Y. Nov. 5, 2024). *Cf.* § 3553(a)(6) (directing courts to avoid sentencing disparities).

3

illustrates acts in furtherance of that purpose, describing, for example, Mr. Sun's operation of a website on which he posted pro-PRC content, work on the political campaign of his partner who shared his political beliefs with respect to China, and initial steps to organize a pro-PRC demonstration in Washington, D.C. *Id.* at 6–7. None of these acts would be illegal, had Mr. Sun complied with the registration requirement he did not know existed. Even his most unseemly conduct—tracking the public movements of President Ing-Wen, or photographing individuals rallying in public to support her—is not inherently criminal. Put another way, had Mr. Sun sent a form to the Department of Justice indicating that he had agreed to act at the direction of the PRC, he could have legally performed all of the conduct described in the factual basis. While his failure to register was criminal under § 951, it reflects minimal culpability, warranting an appropriately short sentence.

## B. Sentencing Mr. Sun Beyond Time Served Would Create Impermissible Sentencing Disparities With His Co-Conspirator

A sentence beyond functionally 15 months would moreover create a sentencing disparity between Mr. Sun and his co-conspirator John Chen. Mr. Chen was separately prosecuted in the Southern District of New York, where he was convicted not only of violating § 951, but of a scheme to bribe an IRS official to open an investigation to lead to the revocation of Falun Gong's tax-exempt status. *See generally United States v. Chen*, 7:23-CR-286-NSR, ECF No. 53 (Gov't Sent. Mem.) at 2 (S.D.N.Y. Nov. 5, 2024). As detailed by the government there, Mr. Chen's conduct was far more culpable than Mr. Sun's here. For example, Mr. Chen met with an agent posing as an IRS official and offered them $50,000 to start such an investigation, 60% of a future whistleblower award, and an immediate $1,000 cash payment. *Id.* at 5. Mr. Chen's co-conspirator later flew into New York from China with additional undisclosed cash, which was paid as a bribe to the agent. *Id.* at 6. Following a guilty plea to those two counts, the court sentenced Mr. Chen to twenty months in custody. *United States v. Chen*, 7:23-CR-286-NSR, ECF No. 55 (Chen Judgment & Commitment). That court also sentenced Mr. Chen's co-

conspirator who participated in the bribery scheme to 16 months. *Id.* ECF No. 41 (Feng Judgment & Commitment).

There is no allegation Mr. Sun had any involvement in that or any other scheme to bribe federal officials. And as described above, Mr. Sun's conduct was not otherwise independently illegal. Sentencing him to more than time served—corresponding to slightly more than 15 months when accounting for good-time credits—would accordingly punish him more harshly than Mr. Feng and potentially Mr. Chen, two defendants who sought to bribe federal officials. Neither his background nor his conduct merit such a deviation. A sentence of 15 months for failure to register is accordingly appropriate, when balanced against those of Messrs. Feng and Chen.

### C. A Sentence of Time Served—Corresponding to 15 Months—More Than Adequately Punishes Mr. Sun For His First Offense

A sentence of time served moreover adequately punishes Mr. Sun for his conduct, while accounting for his background. Mr. Sun is 65 years old, having moved to the United States in 1996. PSR ¶¶ 51, 62. Mr. Sun has spent his life in the United States active within the Chinese-American community in the San Gabriel Valley, where he has focused on cultural events, primarily those involving music, where he could put his skills with the erhu (essentially a two-string Chinese violin) to use.

A sentence of time served is sufficient for the purposes of § 3553. This case marks his first offense. *See id.* ¶¶ 49–57.[3] As described *supra*, Mr. Sun's wrongful conduct was, in essence, the failure to comply with a registration requirement he did not know existed. The risk of recidivism is low, not only due to his age, but due to the nature of the offense. There is nothing in the record to suggest a concern that Mr. Sun might engage in other illegal conduct. Further, Mr. Sun has been suffering worsening health during his detention at MDC. As the PSR notes, Mr. Sun has a history of strokes, necessitating ongoing CT scans. *Id.* ¶ 73. He suffers from high blood pressure and deteriorating dental

---

[3] The PSR reflects one driving infraction, court for which he missed while in federal custody. *See* PSR ¶ 56.

health. *Id.* ¶¶ 74, 76. And most concerningly, Mr. Sun underwent cancer screening indicating the possibility of colon cancer, for which he is awaiting further treatment. All of these conditions would be better, and more economically, treated outside of custody, rather than by the Bureau of Prisons.

## IV. CONCLUSION

For the foregoing reasons, Mr. Sun respectfully asks the Court to sentence him to a sentence of time served.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: January 27, 2026    By */s/ Adam Olin*
ADAM OLIN
BRENDAN GILLIGAN
Deputy Federal Public Defenders
Attorney for Yaoning Sun